Dear Mrs. Schwegmann:
This is in response to your recent request for an opinion concerning whether the Board of Commissioners of the Orleans Levee District (Orleans Levee District) is a public body and agency of the State which is required to follow the advertisement and competitive bidding requirements of the Public Lease Law, La. R.S. 41:1212 et seq. in connection with the leasing of lands under its jurisdiction, particular, as concerns the erection of a radio communications tower.
The Orleans Levee District is created under the authority of La. R.S. 38:291, providing with respect to the naming of levee districts; the limits of the district; and the composition of the boards. The Orleans Levee District is listed and named in La. R.S. 38:291(K), and La. R.S. 38:307 and, with respect to the sale or lease of land, is subject to the provisions of La. R.S.38:320, which require it to comply with the advertising and bid requirements contained in La. R.S. 41:1212 et seq., sometimes known as the Public Lease Law.
Under the provisions of La. R.S. 41:1211, the Public Lease Law is required to be followed by all branches, departments or agencies of the state, any school district, levee district, drainage district, municipal or parochial subdivision of the state, all penal or charitable institutions, state universities or colleges, or other units or institutions deriving authority and powers from the sovereignty of the state.
Clearly, the Orleans Levee District is an agency of the State and a levee district within the meaning and contemplation of applicable law. See also, City of New Orleans vs. Board ofCommissioners of the Orleans Levee District, 640 So.2d 237 (La. 1994). The Orleans Levee District would therefore be required to receive applications for leasing according to La. R.S. 41:1213, and to advertise under the provisions of La. R.S. 41:1214, which allows a lessor such as the Orleans Levee District to initiate advertisement for bids for any lease without the necessity of the application provided by La. R.S. 41:1213. Other detailed provisions of law provide with respect to the opening of bids, executions of leases, exceptions with respect to public benefit corporations, and related matters.
However, an exception to these requirements is found in La. R.S.38:336, which provides, in part, as follows:
 Notwithstanding the provisions of R.S. 38:302, R.S. 38:320, and R.S. 38:321, the board shall have the jurisdiction, power, and authority to sell, lease, or otherwise dispose of such portion of the lands reclaimed and other property acquired for the purpose of the improvement, except the lands herein required to be dedicated by it for public use, together with any building, improvements, or other works constructed thereon, under such terms and conditions and by such methods as the board may deem proper.
Consequently, if the proposed tower site is within the area of the lands reclaimed by the Orleans Levee District pursuant to the reclamation project authorized by the 1921 Constitution, the law provides an exemption to the Public Lease Law. The Louisiana Supreme Court addressed the matter in Arnold vs. Bd. Of LeveeCom'rs, etc., 366 So.2d 1321 (La. 1978), holding that "the broad grant of authority to the Levee Board in disposing of property reclaimed from the lake bottom operates as an exemption to the general law requiring public bids before state lands can be leased." At 1326.
Accordingly, based upon the statutes cited, we find that the Orleans Levee District is required to follow the provisions of the Public Lease Law, La. R.S. 41:1212 et seq., in connection with the leasing of lands under its ownership, control or jurisdiction, unless the proposed tower site is within the area of the land reclaimed by the Orleans Levee District from the lake bottom. In the latter case, there is an exemption under La. R.S.38:336 from the Public Lease Law provisions in the cited decision of the Louisiana Supreme Court.
We hope this opinion is of benefit to you and if we may be of further assistance, please call upon us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK/tp